James Aggrey–Kweggyir **ARUNGA** and Doreen H. Lee, Plaintiffs–Appellants,

v.

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION; et al.,** Defendants–Appellees.

No. 09–35947.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2011.*

Filed July 1, 2011.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Appellants' request for oral argument is denied.

James Aggrey–Kweggyir Arunga, Sacramento, CA, pro se.

Doreen H. Lee, Roseville, CA, pro se.

Julia Elizabeth Markley, Perkins Coie LLP, Gary Vernon Abbott, Klarice A. Benn, Abbott Law Group PC, Michael G. Halligan, Sussman Shank LLP, Thomas E. McDermott, Esquire, Lindsay, Hart, Neil & Weigler, Eric A. Lindenauer, Garvey Schubert & Barer, Jeffrey I. Hasson, Davenport & Hasson, LLP, Portland, OR, Kristina Lynn Gagne', Esquire, Matthew Racine, Daley & Heft LLP, Solana Beach, CA, Karl Patrick Schlecht, Kimball Tirey & St. John, Irvine, CA, William Daniel Boone, Weinberg Roger & Rosenfeld, Alameda, CA, Suzanne Marie Martin, Lewis Brisbois Bisgaard & Smith LLP, San Francisco, CA, Thomas F.A. Hetherington, Edison McDowell & Hetherington LLP, Houston, TX, for Defendants–Appellees.

Vikram Amar, Walnut Creek, CA, pro se.

Richard M. Mehigan, Sacramento, CA, pro se.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM **

James Aggrey–Kweggyir Arunga and Doreen H. Lee appeal pro se the district court's judgment dismissing their action for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir.1990). We affirm.

The district court properly dismissed the action for lack of subject matter jurisdiction, because plaintiffs have alleged neither a federal question, nor that there is complete diversity between the parties. *See* 28 U.S.C. §§ 1331 and 1332; *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (to establish jurisdiction, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint") (citation and internal quotation marks omitted); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (§ 1332 applies only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant").

Appellants remaining contentions are unpersuasive.

All pending motions are denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.